AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Western District of Tennessee

| | |
|---|---|
| United States of America<br>v.<br>Zederic Owens<br><br>Defendant(s) | Case No. 2:15cr20170 JTF/dkv |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **July 6, 2015** in the county of **Shelby** in the **Western** District of **Tennessee**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 42 U.S.C. 1320a-8b | On the date above, the defendant did corruptly, using threats of force, attempt to obsturct and impede, and did obstruct and impede, the officers and employees at the Social Security Administration office located at 1330 Monroe Avenue in Memphis, Tennessee, who were all then acting in an official capacity, from carrying out their official duties under Chapter 7 of Title 42 of the United States Code. |

This criminal complaint is based on these facts:

(See attached Affidavit of Special Agent Aaron Hunt, Security Security Administration - OIG)

☑ Continued on the attached sheet.

_____
Complainant's signature

Special Agent Aaron Hunt, SSA, OIG
Printed name and title

Sworn to before me and signed in my presence.

Date: 07/07/2015

s/Edward G. Bryant
Judge's signature

City and state: Memphis, Tennessee

The Honorable Edward G. Bryant
Printed name and title

## Affidavit of Special Agent Aaron Hunt

Aaron Hunt, being duly sworn, deposes and says that:

(1) I am currently employed as a Special Agent with the Social Security Administration (SSA) Office of Inspector General (OIG), and have been so employed since January of 2006. Prior to my employment with SSA OIG, I was a Special Agent with the United States Secret Service (Secret Service). I came on duty as a Special Agent with the Secret Service in December of 1999.

(2) This affidavit deals with a threat made by Zederic Owens on July 6, 2015 while speaking with a SSA employee at a SSA office located in Memphis, Tennessee. The statements contained in this affidavit are based upon my personal knowledge, statements made to me by individuals with personal knowledge, or reports or written documents reviewed by me and which were drafted by individuals with personal knowledge of the facts discussed herein. Because this affidavit is being submitted only for the purpose of establishing probable cause, it does not contain every fact known to me or other employees of the SSA regarding the incident described herein.

(3) As an OIG Special Agent with SSA, I am charged with the investigation of threats made against SSA employees and facilities. Title 42, United States Code, § 1320a-8b provides that:

> Whoever corruptly or by force or threats of force (including any threatening letter or communication) attempts to intimidate or impeded any officer, employee, or contractor of the Social Security Administration (including any State employee of a disability determination service or any other individual designated by the Commissioner of Social Security) acting in an official capacity to carry out a duty under this chapter, or in any other way corruptly or by force or threats of force (including any threatening letter of communication) obstructs or impedes, or attempts to obstruct or impede, the due

Page 1 of 5

administration of this chapter, shall be fined not more than $5,000, imprisoned not more than 3 years, or both, except that if the offense is committed only by threats of force, the person shall be fined not more than $3,000, imprisoned not more than 1 year, or both. In this subsection, the term "threats of force" means threats of harm to the officer or employee of the United States or to a contractor of the Social Security Administration, or to a member of the family of such an officer or employee or contractor.

Chapter 7 of Title 42 of the United States Code deals with the administration of the Federal Government's various Social Security programs.

(4) On the morning of July 6, 2015, Zederic Owens (Owens) signed in at the service kiosk at the Social Security office located at 1330 Monroe Avenue in Memphis, Tennessee. Catarica D. Middleton (Middleton), a service representative employed by SSA, called Owens' name over the pager system in order to wait on him. Owens, who receives benefits from the Social Security Administration, went to the service window where Middleton was sitting and began speaking with her. After an initial conversation with Middleton regarding problems with the address SSA had on file for him, Owens complained that he went to withdraw money from his card and there was only $9.00 on the card and that he had not received his check for the 3rd. Middleton told Owens that that was correct and that they probably had sent him letters but that he may not have received them. Middleton then printed off four letters from SSA to Owens. He looked at the letters and then said "How am I supposed to live off this shit." Middleton told him that there was a garnishment order and that SSA only administered the order. Owens then told Middleton that he didn't have any kids, and Middleton directed him to contact the child support office in Missouri

who sent the garnishment to SSA. He then asked Middleton, "[H]ow, is it on this letter?" Middleton indicated that was correct. As he was getting up, Owens told Middleton that "I'm not going to deal with this. I'm going to blow this building up." Owens then left the building in what Middleton described as a hasty fashion. Middleton yelled to the security officer on duty at the office to catch Middleton at the door, but he, Owens, was able to exit the building. After a brief period of time, Owens returned to the building and picked up an object he had left behind in the SSA office.

(5) Security Officer Teria Brantley (Brantley) reported that Middleton called out for her at approximately 9:50 a.m. regarding the incident with Owens. Middleton told Brantley that Owens had made a bomb threat. At approximately 9:53 a.m., Brantley informed Dave Streitmatter, the SSA District Manager, of the situation. Shortly after 10:00 a.m. the building was evacuated as a result of the threat, and 30 SSA employees and 80 members of the public were required to leave the building. The Memphis Police Department was called to the scene and the office was inspected by the department's bomb squad. SSA employees were allowed to go back inside the building at approximately 11:45 a.m. The office re-opened and the public was allowed back into the building at approximately Noon. As a result of the evacuation, none of the SSA employees were able to conduct business at their office on Monroe Avenue for approximately two hours.

(6) Inspector Bobby Crews, with Federal Protective Services, and I were able to locate Owens later in the day the Lamplighter Inn, located at 667 Bellevue, Memphis, Tennessee, and we interviewed him at

the hotel. Owens admitted to us that he had threatened to blow the building up. He also said that he had lived at the hotel for three months. When I asked Owens about where he had lived before, all he would say was that he "had lived all over." Owens stated to me that he had no history of mental problems and that he was not taking any medication for mental problems. He also indicated that he did not have any identification.

(7) Crews had Owens' criminal history checked and discovered that Owens had a pending state arrest warrant issued by authorities in Mississippi. Based upon my investigation, Owens has used a number of addresses in the past. I have reviewed a printout of his arrest record and Owens used a number of different addresses when arrested; the address on his driver's license is different from where he told me he was living at the time I interviewed him; and the address that SSA had for him prior to his visit to the SSA office on July 6, 2015 was different than where he was actually living at the time.

*Aaron Hunt*
Aaron Hunt
Special Agent SSA, OIG

Pursuant to Federal Rule of Criminal Procedure 4.1, the undersigned judicial officer has on this date considered information communicated by [ ] telephone or [ ] other reliable electronic means or [ ] both, in reviewing a complaint and/or deciding whether to issue a warrant or summons. In doing so, this judicial officer has placed the affiant under oath and has confirmed by speaking personally with the affiant on the telephone [ ] that the signatures on the complaint and affidavit are those of the affiant or [ ] that the affiant has authorized the placement of the affiant's signatures on the complaint and affidavit, the documents received by the judicial officer are a

correct and complete copy of the documents submitted by the affiant, and the information contained in the complaint and affidavit are true and correct to the best of the affiant's knowledge.

    Sworn to and subscribed before me by telephone this <u>7th</u> day of <u>July</u>, 20<u>15</u>.

                             s/Edward G. Bryant
                             The Honorable Edward G. Bryant
                             United States Magistrate Judge
                             Western District of Tennessee